UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUAN DIAZ | CIVIL ACTION |
| VERSUS | NO. 06-9130 |
| RONALD GRIGGS, ET AL. | SECTION "N" (4) |

## **ORDER AND REASONS**

Presently before the Court is Plaintiff's Motion to Remand (Rec. Doc. No. 36) and Plaintiff's Motion for Review of Magistrate Judge's Order (Rec. Doc. No. 32). Having reviewed the parties' written submissions regarding the motion, the Court has determined that oral argument will not be necessary. Accordingly, **IT IS ORDERED** that the oral argument scheduled to be held on Wednesday, December 19, 2007, is **CANCELLED**.

Regarding Plaintiff's Motion to Remand, "[t]he burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919, *cert. denied*, 534 U.S. 993 (2001). Further, "[f]or diversity jurisdiction, [that party] must distinctly and affirmatively allege the citizenship of the parties." *Id.* (internal quotations and citations omitted). Relative to this task, the Court certainly wishes that all necessary amendments to the notice of removal would have been accomplished much earlier in this case. Indeed, defense counsel are strongly urged to promptly tend to such matters in the future.

1

Nevertheless, the Court disagrees with Plaintiff's assertion that the amendments proposed by Defendants should be denied as untimely. Amendments providing only technical corrections or additions to a notice of removal, rather than creating jurisdiction where it previously did not exist, may be allowed prior to judgment and, in some circumstances, even at the appellate level. *See* 28 U.S.C. §1653; *see also Howery,* 243 F.3d at 919-20 and n. 39; *Whitmire v. Victus Ltd. T/A Master Design Furniture*, 212 F.3d 885, 887-90 (5th Cir. 2000); *Tenet Healthsystem Hosps., Inc. v. Crosby Tugs, Inc.*, No. 04-1632, 2005 WL 1038072, *4-5 (E.D. La.)(Engelhardt, J.). Although there has been some delay by Defendants in seeking to amend the notice of removal, the Court prefers allowing an opportunity for curative jurisdictional amendments that will not prejudice the timely resolution of this litigation over what may be a technical remand.[1]

Despite the Court's willingness to allow Defendants an opportunity to cure the technical deficiencies of their notice of removal, the Court disagrees with the legal standard proposed by Defendants for determining the citizenship of Defendant Georgia Rollings Leasing, L.L.C. Until the Fifth Circuit or the United States Supreme Court renders a definitive ruling on the issue, this Court joins the majority of courts that have found a limited liability company's citizenship, for purposes of federal diversity jurisdiction, to be determined by the citizenship of its members. *See, e.g., Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 586 (2004) (noting courts of appeals' decisions); *Richard v. Georgia Gulf Lake Charles,* LLC, No. 07-0050, 2007 WL 2319804, *5 (W.D. La. ) (Walter, J.) (listing additional decisions from courts of appeals other than the Fifth Circuit); *Parish of Jefferson v. Cox Communications, LLC*, No. 02-3344, 2003 WL

---

[1] *See, e.g., Howery*, 243 F.3d at 919 (the fact that Allstate was not "an attractive beneficiary of a last minute save of jurisdiction" was not determinative of the Court's decision regarding a proposed amendment of the defendant's asserted grounds of federal jurisdiction).

21459701 (E.D. La.) (Vance, J.).

Additionally, in any event, even if the Court were to apply the "inactive corporation" test utilized in *Harris v. Black Clawson Co.*, 961 F.2d 547, 551 (5th Cir. 1992), Defendants have not provided sufficient evidence to establish that Georgia Rollings Leasing, LLC, as a matter of law, has no principal place of business. *See Harris*, 961 F.2d at 551 (a state is not considered a corporation's principal place of business, as a matter of law, when the corporation has been inactive there for a "substantial" period of time).

Given the foregoing, **IT IS ORDERED** that Defendants will be allowed until Friday, December 28, 2007, to amend their notice of removal in accordance with this Order and Reasons. Unless the Court otherwise deems appropriate, the action shall be remanded to state court for lack of federal subject matter jurisdiction if an amended notice of removal is not timely filed as ordered.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. No. 36) is **DENIED WITHOUT PREJUDICE**. If appropriate, Plaintiff may re-file his motion within five (5) business days of the filing of Defendants' amended notice of removal.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to Amend Notice of Removal (Rec. Doc. No. 53), which is set for hearing on January 9, 2008, is **DENIED AS MOOT.**

Regarding Plaintiff's Motion for Review of Magistrate Judge's Order (Rec. Doc. No. 32), the Court agrees with the reasoning and procedures set forth in *Tennessee Gas Pipeline v. Rowan Cos.*, Nos. 94-3863, 94-4083, 95-0044, and 95-1720, 1996 WL 592736 (E.D. La. ) (Duval, J.), and *Smith v. Diamond Offshore Drilling, Inc.*, 168 F.R.D. 582, 585-87 (S. D. Tex.) (Kent, J.). Accordingly, **IT IS FURTHER ORDERED** that Magistrate Judge Roby's ruling (Rec. Doc. No.

3) is affirmed.  If Plaintiff has not yet been deposed, that should be accomplished promptly.  **IT IS FINALLY ORDERED** that Plaintiff shall be provided with a copy of the surveillance video in question no later than the day that his deposition is completed.

New Orleans, Louisiana, this __18th__ day of December 2007.

_____
**KURT D. ENGELHARDT**
**United States District Judge**