UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JUAN DIAZ                                                    CIVIL ACTION

VERSUS                                                       NO.  06-9130

RONALD GRIGGS, ET AL.                               SECTION  "N"  (4)

## ORDER AND REASONS

Presently before the Court is Plaintiff's second Motion to Remand (Rec. Doc. No. 62).  For the reasons stated herein, **IT IS ORDERED** that the motion is **GRANTED**.  The action is **REMANDED** to the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.

On December 18, 2007, the Court issued an Order and Reasons regarding Plaintiff's Motion to Remand.  *See* Rec. Doc. No. 58.  In that Order and Reasons, the Court recognized that "[t]he burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919, *cert. denied*, 534 U.S. 993 (2001).  Further, "[f]or diversity jurisdiction, [that party] must distinctly and affirmatively allege the citizenship of the parties." *Id.* (internal quotations and citations omitted).  Moreover, "diversity must be complete; the citizenship of all the plaintiffs must be different from the citizenship of all of the defendants. *Statfford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).

The Court previously found Defendants' original notice of removal (Rec. Doc. No. 1) to be defective because it failed to properly allege diversity of citizenship with respect to the four named defendants. The Court disagreed, however, with Plaintiff's assertion that Defendants' proposed amendments, in response to the motion to remand, should be denied as untimely. Accordingly, the Court denied Plaintiff's first motion to remand without prejudice, and allowed Defendants an opportunity to amend their notice of removal in accordance with the December 18, 2007 Order and Reasons.

Defendants filed an amended notice of removal (Rec. Doc. No. 61) on December 28, 2007. Plaintiff then filed the instant motion to remand, which was set for hearing on January 16, 2008. Although he admits that Defendants have cured the previous pleading deficiencies with respect to three of the four defendants, Plaintiff contends that the allegations regarding the citizenship of Defendant GA Rollings Leasing, LLC, are still defective. These remaining deficiencies, argue Plaintiff, preclude the Court's exercise of diversity of citizenship jurisdiction over this action.

The Court agrees. In its December 18, 2007 Order and Reasons, the Court stated, in pertinent part:

> Despite the Court's willingness to allow Defendants an opportunity to cure the technical deficiencies of their notice of removal, the Court disagrees with the legal standard proposed by Defendants for determining the citizenship of Defendant Georgia Rollings Leasing, L.L.C. Until the Fifth Circuit or the United States Supreme Court renders a definitive ruling on the issue, this Court joins the majority of courts that have found a limited liability company's citizenship, for purposes of federal diversity jurisdiction, to be determined by the citizenship of its members. *See, e.g., Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 586 (2004) (noting courts of appeals' decisions); *Richard v. Georgia Gulf Lake Charles*, LLC, No. 07-0050, 2007 WL 2319804, *5 (W.D. La.)

(Walter, J.) (listing additional decisions from courts of appeals other than the Fifth Circuit);  *Parish of Jefferson v. Cox Communications, LLC*, No. 02-3344, 2003 WL 21459701 (E.D. La.) (Vance, J.).

Additionally, in any event, even if the Court were to apply the "inactive corporation" test utilized in *Harris v. Black Clawson Co.*, 961 F.2d 547, 551 (5th Cir. 1992), Defendants have not provided sufficient evidence to establish that Georgia Rollings Leasing, LLC, as a matter of law, has no principal place of business.  *See Harris*, 961 F.2d at 551 (a state is not considered a corporation's principal place of business, as a matter of law, when the corporation has been inactive there for a "substantial" period of time).

*See* December 18, 2007 Order and Reasons at 2-3.

In the amended notice of removal, and in their opposition to Plaintiff's second motion to remand, Defendants continue to assert that Defendant GA Rollings Leasing, LLC, should be treated as an inactive corporation.  Thus, argue Defendants, the citizenship of that defendant, for purposes of this Court's diversity jurisdiction, should be determined by the company's state of organization – Georgia.

As indicated in the prior Order and Reasons, the Court disagrees with Defendants' position on this issue.  If a limited liability company is properly joined in an action as a defendant, its citizenship is determined by the citizenship of its members.  Significantly, Defendants have not even asserted, much less  established, that the citizenship of Defendant GA Rollings Leasing, LLC, should not be considered in evaluating the Court's diversity jurisdiction.

At any rate, even if the Court assumes that  an "inactive" limited liability company should be treated differently from one that is "active," for purposes of jurisdiction under 28 U.S.C. §1332, Defendants have not adequately demonstrated the status of GA Rollings Leasing, LLC.  For instance, they have not shown that the company has dissolved and "wound up" its affairs in accordance with  Georgia law.  *See* Ga. Code Ann. § 14-11-61, *et seq*.  Indeed, Defendants offer no

documentation from the Georgia Secretary of State, or otherwise, reflecting the company's actual status under state law. Rather, the documents attached as exhibits to Defendants' opposition memorandum establish only that the company has an "inactive registration" with the United States Department of Transportation, and that it was organized in Georgia in March 2005.[1] They certainly do not definitively establish, as argued by Defendants, that GA Rollings Leasing, LLC, had no members at the relevant time, or that those members cannot be identified.

For the reasons stated herein, the Court finds that Defendants have not successfully borne their burden of demonstrating that complete diversity of citizenship is present. Accordingly, the Court remands this action to state court.

New Orleans, Louisiana, this __25th__ day of February 2008.

**KURT D. ENGELHARDT**
**United States District Judge**

---

[1]    *See* Exhibits A and B to Defendants' Response to Motion to Remand (Rec. Doc. No. 71).

4